The Honorable Bill H. Stovall, III State Representative 2324 Heber Springs Road West Quitman, AR 72131-9426
Dear Representative Stovall:
You have requested my opinion on the following questions concerning A.C.A. § 14-20-108, which involves volunteer fire department dues.
 1. Are the dues to be raised under this statute considered `assessments' or `taxes?'
 2. If the dues are considered taxes, then how can the quorum court implement dues without an election?
 3. If the dues are "assessments," then would the penalty for delinquent taxes apply?
 4. Section (a) (1) (B) (i) (c) states that the dues are to be collected at the same time and in the same manner as real property taxes. Does this include the penalties associated with non-payment of real estate taxes (i.e. A.C.A. § 26-36-202), as well as certification to the Land Commissioner if the dues are not paid (see A.C.A. § 26-37-101 et seq.)?
 5. If the dues are treated in the same manner as real estate taxes, then does Ark. Code Ann. § 26-35-601 apply to fire dues as well?
 6. Does this language also apply to dues assessed under (a) (1) (A) of § 14-20-108?
 7. Are there any other penalties that would apply for non-payment, and if so, under which Code sections?
RESPONSE
It may be helpful to clarify the scope of A.C.A. § 14-20-108 before responding to your questions. This statute addresses the dues that are charged by volunteer fire departments, i.e., fire departments organized as so — called "subscription" fire departments. See Ops. Att'y Gen.2002-032 and 96-114. The provisions that are relevant to your questions are contained in subsection (a) of § 14-20-108, which provides in relevant part as follows:
 (a)(1)(A) The quorum court of each county, upon request therefor filed with the court by one (1) or more volunteer fire departments in the county, may adopt an ordinance authorizing a designated county official to collect and remit to the department or departments the annual or quarterly dues charged by the department or departments in consideration of providing fire protection to unincorporated areas in the county; or
 (B)(i)(a) When any county quorum court receives a request for the levy of volunteer fire department dues, if the request has been signed by the fire chief and all other officers of a volunteer fire department and duly filed with the county clerk, the quorum court by ordinance shall call for an election on the issue of the levy of the volunteer fire department dues on each residence.
 (b) The issue may be placed on the ballot at a special election or a general election and in each case shall comply with the laws of this state pertaining to special elections and general elections.
 (c) If the levy is approved by a majority of those voting on the issue, the dues shall be listed annually on real property tax statements and collected at the same time and in the same manner as real property taxes.
 (ii) The cost of the election shall be borne by the volunteer fire department or departments that requested the levy.
A.C.A. § 14-20-108 (Supp. 2003).
This statute addresses matters pertaining to the collection of dues that are charged by a volunteer fire department in consideration of providing fire protection services to unincorporated areas of the county. Under subsection (a) (1) (A), a county official may be authorized by ordinance to collect the dues, presumably from those subscribers who receive the fire department's services. Alternatively, an election may be held, at the department's expense, to determine whether the dues shall be levied on each residence. Although at one time the statute included a provision authorizing the quorum court to establish a volunteer fire department's dues, which would become a lien upon the property, that provision was subsequently removed by amendment. See Op. 2002-032. The current statute is thus concerned solely with the collection of volunteer fire department dues, and not the establishment thereof. Accord Op. Att'y Gen.2002-032.[1]
With this clarification in mind, I will now turn to your particular questions.
Question 1 — Are the dues to be raised under this statute considered`assessments' or `taxes?'
You have asked for an explanation in light of City of Marion v. Baioni,312 Ark. 423, 850 S.W.2d 1 (1993). In my opinion, the volunteer fire department dues addressed in A.C.A. § 14-20-108 are neither assessments nor taxes such as were in issue in Baioni.[2] As discussed above, the legislative history indicates that the statute is concerned only with methods of collecting the dues of volunteer fire departments. As my predecessor noted, "Section 14-20-108 does not address the dues that are charged by a volunteer fire department in consideration of the service it provides." Op. Att'y gen. 2002-032. Accordingly, I believe it is inaccurate to characterize the dues as being "raised" under 14-20-108. It also follows that the general distinction between a governmental "tax" and a "fee" is inapplicable.
Question 2 — If the dues are considered taxes, then how can the quorumcourt implement dues without an election?
A response to this question is unnecessary in light of the above response.
Question 3 — If the dues are "assessments," then would the penalty fordelinquent taxes apply?
See discussion above. In my opinion, the dues addressed in this statute are not government "assessments."
Question 4 — Section (a) (1) (B) (i) (c) states that the dues are to becollected at the same time and in the same manner as real propertytaxes. Does this include the penalties associated with non-payment ofreal estate taxes (i.e. A.C.A. § 26-36-202), as well as certification tothe Land Commissioner if the dues are not paid (see A.C.A. § 26-37-101 etseq.)?
It is my opinion that the answer to the first part of this question is likely "yes." The language requiring collection of the dues "at the same time and in the same manner" as real property taxes likely includes the 10% penalty under A.C.A. § 26-36-202 (b) that applies with respect to delinquent real property taxes. See also A.C.A. § 26-35-501 (c) (Supp. 2003) (duty of collector to assess a penalty of 10% against all unpaid tax balances remaining after October 10 for taxpayers other than utilities or carriers). Cf. Op. Att'y Gen. 2002-032 (regarding remedies for non-payment of volunteer fire department dues under previous version of statute requiring listing of dues on personal property tax statements).
This phrase cannot, however, in my opinion, reasonably be construed to include the certification procedures under A.C.A. § 26-37-101 et seq. The answer to the second part of this question is therefore "no." These procedures involve the forfeiture and sale of tax-delinquent property to enforce the state's lien for taxes. The lien arises from the time state taxes are assessed. See A.C.A. § 26-34-101(b) (Repl. 1997) ("[a]ll taxes assessed shall be a lien upon and bind the property assessed from the first Monday of January of the year in which the assessment shall be made. . . .") The legislature has, similarly, given liens for taxes in favor of municipal improvement districts (A.C.A. § 14-90-805 (a)) and other various types of improvement districts. See, e.g., A.C.A. §§14-92-228 (suburban improvement districts), 14-93-119 (property owners' improvement districts), 14-123-409 (drainage improvement districts). Additionally, the legislature has clearly identified those instances in which collection may be enforced through certification to the state for redemption or sale. See A.C.A. § 14-92-232 (suburban improvement districts). Unlike these taxes and assessments, however, volunteer fire department dues do not become a lien against the property. Nor is there any other language in A.C.A. § 14-20-108 suggesting that the state certification procedures apply. Although there was previous authority under § 14-20-108 for imposing a lien,[3] a subsequent amendment removed this authority. See Acts 2001, No. 984. Had the legislature intended for the certification procedures to apply in case of delinquent volunteer fire department dues, it could easily have so indicated.
Question 5 — If the dues are treated in the same manner as real estatetaxes, then does Ark. Code Ann. § 26-35-601 apply to fire dues as well?
The answer to this question is "no," in my opinion. This Code section applies to the collection of personal property taxes. It requires the collection of personal property taxes at the time the taxpayer pays real estate taxes, and it ensures such collection by preventing the payment of real estate taxes without payment of personal property taxes. A.C.A. §26-35-601 (c) (1). Clearly, this provision is focused on personal property tax collection, whereas A.C.A. § 14-20-108 is concerned solely with volunteer fire department dues and methods for collecting those dues. Consequently, it is my opinion that § 26-35-601 cannot reasonably be construed to apply to the collection of such volunteer fire department dues, notwithstanding the provision for collecting such dues "at the same time and in the same manner as real property taxes." A.C.A. § 14-20-108
(a) (1) (B) (i) (c), supra.
Question 6 — Does this language [A.C.A. § 14-20-108 (a) (1) (B) (i) (c)]also apply to dues assessed under (a) (1) (A) of § 14-20-108?
No. The requirement that the dues shall be collected at the same time and in the same manner as real property taxes applies when there has been an election under § 14-20-108 (a) (1) (B).
Question 7 — Are there any other penalties that would apply fornon-payment, and if so, under which Code sections?
I am unaware of any other applicable penalties.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] It should perhaps be noted that my predecessor, in addressing problems of implementation under a previous version of A.C.A. §14-20-108, identified a potential constitutional issue as a consequence of the county collecting the dues of a private, nonprofit subscription fire department. See Op. Att'y Gen. 2001-385. Although the matter is not entirely free from doubt, I believe a forceful argument can be made in favor of the statute's constitutionality in view of the clear public purpose involved (see, e.g., A.C.A. § 20-22-201), and in light of the fact that such departments have been specifically defined as "public safety organization[s]" (A.C.A. § 14-28-101 (Repl. 1998), authorizing worker's compensation coverage through the county), coupled with the authorized expenditure of public funds to aid such organizations. See A.C.A. §14-284-401 et seq. (fire protection premium tax funds). Cf. Op. Att'y Gen. 2003-047 (concerning a city's expenditure of funds for the construction of an improvement to be owned by a private, non-profit corporation).
[2] Baioni involved fees that the city charged to developers for expansion of the city's water and sewer systems. It was contended that the fees assessed under the city ordinances were actually taxes that had not been approved by the voters, contrary to law. 312 Ark. at 425. The court discussed the general test for determining "whether a governmental charge, assessment or fee is a tax . . . [,]" noting that "the distinction . . . is that government imposes a tax for general revenue purposes, but a fee is imposed in the government's exercise of its police powers." Id. (citation omitted). Through expert testimony regarding its determination of the level of fees, the city successfully rebutted the argument that the assessed fees were actually taxes. Id. at 426-27.
[3] Prior to its amendment in 2001, subsection (b) (1) of 14-20-108
provided:
 The [quorum] court may, by majority vote, designate the geographical area that a volunteer fire department may serve and may then direct that the property owners of the area pay dues to be established by the court, which shall become a lien upon the property within the geographical area. [Emphasis added.]
A.C.A. 14-20-108 (Repl. 1998).